TONY WEST
Assistant Attorney General

DENNIS K. BURKE
United States Attorney
District of Arizona

LON R. LEAVITT
Assistant United States Attorney
Utah State Bar No. 11245
Two Renaissance Square
40 North Central Avenue, Suite 1200
Phoenix, Arizona 85004
Telephone: (602) 514-7500
Fax: (602) 514-7760
Lon.R.Leavitt@usdoj.gov

JOYCE BRANDA
MICHAEL GRANSTON
ANDREW SKOWRONEK
United States Department of Justice
Commercial Litigation Branch
Civil Division
P.O. Box 261, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-1030
Fax: (202) 514-0280
Andrew.Skowronek@usdoj.gov

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America *ex rel.* Jerre Frazier,<br><br>Plaintiff,<br><br>v.<br><br>IASIS Healthcare Corporation,<br><br>Defendant. | CV 05-0766-PHX-RCJ<br><br>**THE UNITED STATES OF AMERICA'S REPLY IN SUPPORT OF ITS STATEMENT OF INTEREST ON DEFENDANT IASIS HEALTHCARE CORPORATION'S MOTION TO DISMISS RELATOR JERRE FRAZIER'S THIRD AMENDED COMPLAINT** |

Pursuant to the Court's Order of March 4, 2011 (Doc. #188), the United States of America respectfully submits this Reply in Support of its Statement of Interest on IASIS Healthcare Corporation's ("IASIS") Motion to Dismiss Relator Jerre Frazier's Third Amended Complaint.

I.

ARGUMENT

IASIS makes a number of inaccurate assertions and incorrect arguments in response to the Statement of Interest. First, as part of its misguided attempt to reinvent the pleading standard outlined by the Ninth Circuit[1], IASIS – resorting to perceived policy concerns and with no supporting case law – argues that the "treating physician" rule applicable in Social Security cases should be applied to a plaintiff's pleading obligation under the False Claims Act (FCA). However, the only cases IASIS cites regarding the treating physician rule, *United States v. Prabhu*, 442 F. Supp. 2d 1008, 1032 (D. Nev. 2006) and *United States ex rel. Phillips v. Permian Residential Care Ctr.*, 386 F. Supp. 2d 879, 884 (W.D. Tex. 2005), are summary judgment decisions that were made following discovery and were based on evidence submitted by the parties. Moreover, the cases cited in *Prabhu* for the proposition that a court should give "extra weight" to a diagnosing physician concern appeals from administrative coverage decisions that were themselves based on developed factual records. *Prabhu*, 442 F. Supp. 2d at 1032. A developed evidentiary record, however, is absent from this case, which has not even proceeded past the pleading stage. While the "treating physician" rule may apply at the summary judgment stage or at trial, IASIS cites no authority for its assertion that the rule has any applicability in evaluating the sufficiency of a pleading.

Second (and relatedly), IASIS overstates the utility, acceptance, and applicability of the rule, which traditionally has been applied in Social Security cases. *See Black & Decker Disability Plan v. Nord*, 538 U.S. 822, 829-31 (2003) (rejecting the Ninth Circuit's importation of the treating physician rule from the Social Security context to ERISA cases, stating "[n]othing in the Act . . . suggests that plan administrators must accord special deference to the opinions of treating physicians"); *Gatti v. Reliance Standard Life Ins. Co.*, 415 F.3d 978, 986 (9th Cir. 2005) (stating that "the treating physician rule . . . is no longer good law" in light of *Nord*); *LaMantia*

---

[2]   *See United States ex rel. Cafasso v. General Dynamics C4 Systems, Inc.*, --- F.3d ----, Nos. 09-16181, 09-16607, 09-17710, Slip. Op. at 3975, 2011 WL 1053366, at *4 (9th Cir. Mar. 24, 2011); *United States ex rel. Ebeid v. Lungwitz*, 616 F.3d 993, 998-99 (9th Cir. 2010).

2

*v. Voluntary Plan Administrators, Inc.*, 401 F.3d 1114, 1121 (9th Cir. 2005) (same). Specifically, the Supreme Court noted that "[t]he treating physician rule has not attracted universal adherence outside the Social Security context" and outlined various courts' views of its viability, scope, and applicability, stating that "[o]ne Court of Appeals . . . has rejected a treating physician rule for the assessment of claims of entitlement to veterans' benefits for service-connected disabilities, . . . another has rejected such a rule for disability determinations under the Railroad Retirement Act of 1974, 45 U.S.C. § 231 *et seq.*, [and that] there appears to be no uniform practice regarding application of a treating physician rule under state workers' compensation statutes." *Nord*, 538 U.S. at 830, n.3 (citations omitted). Thus, not only does IASIS cite no authority that applies the rule at the pleading stage, case law militates against such expansion.

Third, IASIS continues to improperly conflate "worthlessness" with "unnecessary," misstates whether (and how) billing for such procedures implicates the FCA, and mischaracterizes the United States' position. *See* Defendant's Reply at 14 (arguing against a "loose definition of 'medically unnecessary'" because FCA liability should be limited to "those instances in which, objectively, the treating physician must have known that the medical procedure in question was so clearly unnecessary as to be 'worthless'"); *id*. (arguing that the Social Security Act does not permit "a federal court or a jury . . . to deem 'medically unnecessary' a treatment that an objectively reasonable physician could have believed offered a potential therapeutic value to the patient"); at 15 (suggesting that billing Medicare for a procedure with debatable value is not the submission of a false claim under the FCA); at 15-16 (arguing that the "accidental appendectomy" described in the United States' hypothetical would be, according to the United States, "medically necessary," even though (1) the United States actually and correctly argued that such a procedure would be "plainly unnecessary" and (2) the hypothetical focuses not on "necessity" but on "worthlessness" by accurately illustrating how, under IASIS' analysis, such a procedure could be considered to have some value and therefore not "worthless"). As set forth in the United States' Statement of Interest, however, billing Medicare for *worthless* procedures and billing Medicare for *unnecessary* procedures are two

separate and independent bases of liability under the FCA. *See United States ex rel. Lee v. SmithKline Beecham, Inc.*, 245 F.3d 1048, 1053 (9th Cir. 2001); *United States ex rel. Mikes v. Straus*, 274 F.3d 687, 703 (2d Cir. 2001). In fact, as discussed in greater detail in the Statement of Interest, if the finder of fact ultimately concludes that a procedure was *either* worthless *or* unnecessary, then the claim for that procedure will constitute a false claim under the FCA (of course, for liability ultimately to attach, plaintiff must still prove the false claim was submitted "knowingly"). *Id.*; *see also United States ex rel. Frazier v. Iasis Healthcare Corp.*, 392 Fed. Appx. 535, 537 (9th Cir. 2010) (to allege properly that a claim is false because it is for a medical service that was unnecessary, it is enough to plead facts that "provide 'reliable indicia' that [defendant] submitted claims for medically unnecessary procedures[,]" i.e., claims for services that the patient did not need); *United States v. Rogan*, 517 F.3d 449, 451-52 (7th Cir. 2008) (affirming FCA judgment against physician who billed Medicare for unnecessary procedures).[2]

Fourth, IASIS confuses and conflates a plaintiff's <u>pleading</u> burden under Federal Rules of Civil Procedure 8(a) and 9(b) with its <u>proof</u> burden under Federal Rule of Civil Procedure 56. However, Rule 8(a) "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" to support the allegations. *Starr v. Baca*, --- F.3d ----, No. 09-55233, 2011 WL 477094, at *14 (9th Cir. Feb. 11, 2011) (reversing dismissal for failure to state a claim; quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Nor does Rule 9(b) require actual proof or evidence. *See Patent Compliance Group, Inc. v. Brunswick Corp.*, No. 10 C 4645, 2011 WL 124262, at

---

[2] In its response to the Statement of Interest, IASIS repeatedly refers to the "fraudulent" component of the FCA. *See* Reply at 14 (discussing conduct that "implicates FCA fraud liability"); *id.* (reference to "whether a medical procedure is so medically unnecessary that seeking reimbursement for it would be fraudulent"); at 16 (mention of "drawing an inference of fraud from medical judgments"); at 17 (referring to allegations "that fraudulent surgical procedures were performed at IASIS Healthcare hospitals"). However, based upon the plain language of the FCA, a plaintiff need not show that a claim is "fraudulent" to satisfy the falsity requirement of the FCA; that requirement may be satisfied by "a claim that is *either* 'fraudulent' *or simply 'false.'" United States ex rel. Hagood v. Sonoma County Water Agency*, 929 F.2d 1416, 1421 (9th Cir. 1991) (emphasis added); *see also United States ex rel. Hopper v. Anton*, 91 F.3d 1261, 1266 (9th Cir. 1996) (falsity shown by "a claim that is *either* fraudulent *or simply false*") (emphasis added). To the extent IASIS suggests that an FCA case must be premised upon fraud, as opposed to simple falsity, that suggestion is incorrect.

4

*2 (N.D. Ill. Jan. 14, 2011) (denying motion to dismiss *qui tam* action under 35 U.S.C. § 292, post-*Twombly*/*Iqbal*, stating that a plaintiff "is not required to prove its case at the pleadings stage, and to require more facts from [plaintiff] concerning intent would impose even a higher pleading standard than is required under Rule 9(b), effectively foreclosing *qui tam* actions such as this, which Congress has indicated should be available to the public").

Thus, as numerous decisions post-*Twombly*/*Iqbal* make clear, a plaintiff is not required to prove its case at the pleading stage, Rules 8 and 9 notwithstanding. *E.g., Kuang-Bao Ou-Young v. Potter*, No. C 10-0464 RS, 2011 WL 9113, at *2 (N.D. Cal. Jan. 3, 2011) (denying motion to dismiss discrimination and retaliation claims; "While a plaintiff in a Title VII employment discrimination case must comport with Rule 8's pleading requirements as refined in *Twombly* and *Iqbal*, this does not mean the plaintiff must *prove* its prima facie discrimination case at the pleading stage."); *Crawford v. Melzer*, No. C 10-0280 RS, 2010 WL 2735293, at *3 (N.D. Cal. Jul. 12, 2010) (denying motion to dismiss fraud claim; "Although Rule 9(b) of the Federal Rules of Civil Procedure requires plaintiffs to plead fraud claims in significant detail, it does not require them to prove their case at the pleading stage."); *Committee for Immigrant Rights of Sonoma County v. County of Sonoma*, No. C 08-4220 RS, 2010 WL 2465030, at *4 (N.D. Cal. Jun. 11, 2010) ("Even under *Iqbal* and *Twombly* a plaintiff need not plead evidentiary matters or be able to prove a case at the pleading stage.  Here, while plaintiffs may be relying on certain *inferences* to support their conclusions of constitutionally impermissible detentions and arrests, that does not render the complaint subject to dismissal."); *In Re: Text Messaging Antitrust Litigation*, No. 08 C 7082, 2010 WL 1782006, at *4 (N.D. Ill. Apr. 30, 2010) (granting plaintiffs' motion for leave to amend complaint and allowing case to proceed to discovery; "Neither *Twombly* nor *Iqbal* requires a plaintiff to prove his case in the complaint, nor do they impose a summary judgment-like standard to be applied at the pleading stage.").

If "[a] summary judgment motion is not a trial-by-paper in which the court reviews all the evidence, determines which side's version is more likely, and rules accordingly," *Campfield v. Falcon Transport Co.*, No. 05 C 663, 2006 WL 2949518, at *4 (N.D. Ill. Oct. 16, 2006), then a motion to dismiss a complaint certainly is not either. *See also Nelson v. Ipalco Enterprises,*

1  *Inc.*, No. IP02477CHK, 2005 WL 1924332, at *4 (S.D. Ind. Aug. 11, 2005) (where "motions
2  attempt to present an entire trial on paper, where competing inferences may be at least
3  reasonable, and where the law itself is evolving rapidly," summary judgment is not appropriate).
4  Rather, an otherwise "well-pleaded complaint may proceed even if it strikes a savvy judge that
5  actual proof of those facts is improbable, and that recovery is very remote and unlikely."
6  *Twombly*, 550 U.S. at 556 (quote marks omitted). Accordingly, the Court should decline IASIS'
7  invitation to superimpose the summary judgment (or a summary judgment-like) standard or
8  conduct a "trial-by-paper" in which the Court would both assume facts not in the record, and
9  then defer to them, at the pleading stage.

## II.

## CONCLUSION

12  For the reasons set forth above and in the Statement of Interest, the Court should reject
13  (1) the elaborate pleading standard that IASIS proposes be used when pleading the submission
14  of a claim for a procedure that lacked medical necessity and (2) the applicability of the "treating
15  physician" rule when evaluating the sufficiency of such pleading. Instead, the Court should
16  simply apply the basic 9(b) standard articulated by the Ninth Circuit in *Ebeid* and *Cafasso* and
17  require that a complaint provide enough detail "to give [a defendant] notice of the particular
18  misconduct which is alleged to constitute the fraud charged so that [it] can defend against the
19  charge and not just deny that [it has] done anything wrong." *Ebeid*, 616 F.3d at 999 (quote
20  marks omitted); *see also Cafasso*, Slip. Op. at 3975, 2011 WL 1053366, at *4 (to comply with
21  Rules 8(a) and 9(b), FCA complaint must be "sufficiently particularized" and "must state enough
22  facts to raise a reasonable expectation that discovery will reveal evidence of the misconduct
23  alleged") (citation, brackets, and quote marks omitted).

24  . . .
25  . . .
26  . . .
27  . . .
28  . . .

6

Respectfully submitted this 25th day of March, 2011.

> TONY WEST
> Assistant Attorney General
>
> DENNIS K. BURKE
> United States Attorney
>
> /s/ Lon R. Leavitt
> _____
> LON R. LEAVITT
> Assistant United States Attorney
>
> /s/ Andrew Skowronek
> _____
> ANDREW SKOWRONEK
> Trial Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on March 25, 2011, I electronically transmitted the within and foregoing **THE UNITED STATES OF AMERICA'S REPLY IN SUPPORT OF ITS STATEMENT OF INTEREST ON DEFENDANT IASIS HEALTHCARE CORPORATION'S MOTION TO DISMISS RELATOR JERRE FRAZIER'S THIRD AMENDED COMPLAINT** to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

- Jordan Green
- Mark I. Harrison
- Larry A. Hammond
- Helen P. Grimwood
- Ashley D. Adams
- Mary Louise Cohen
- Colette G. Matzzie
- Andrew D. Skowronek
- Colin P. Ahler
- Michael L. Dagley
- Matthew M. Curley
- Brent N. Rushforth
- Stuart Rennert
- Michael K. Fee
- Kirsten V. Mayer
- Joan McPhee
- Michael G. McGovern
- Aaron M. Katz
- Benjamin S. Halasz

s/Lon R. Leavitt
Office of the United States Attorney