1

2

3

4

5

6                        **UNITED STATES DISTRICT COURT**

7                             **DISTRICT OF ARIZONA**

8   UNITED STATES OF AMERICA ex rel.    )
    JERRE FRAZIER,                       )
9                                        )
             Plaintiff,                  )
10                                       )          2:05-CV-766-RCJ
        v.                               )
11                                       )          **ORDER**
                                         )
12  IASIS HEALTHCARE CORPORATION,        )
                                         )
13           Defendant.                  )
                                         )
14  _____

15          Currently before the Court are Defendant IASIS Healthcare Corporation's Proposed

16  Listing of Costs and Fees (#281) and *Qui Tam* Counsel's Objections (#285).

17                               **BACKGROUND**

18          This case arises out of a qui tam action filed by Plaintiff/Qui Tam Relator Jerre Frazier

19  ("Frazier" or "Plaintiff") against Defendant IASIS Healthcare Corporation ("IASIS" or

20  "Defendant") for alleged violations of the False Claims Act.  On June 1, 2011, this Court issued

21  an order dismissing Frazier's Third Amended Complaint ("TAC") with prejudice, but specifically

22  reserved jurisdiction over the collateral issue of sanctions.  (Order (#223) at 16).

23          On January 10, 2012, this Court issued an order granting the Renewed Motion for

24  Sanctions against Qui Tam Counsel but denied as moot the Renewed Motion for Sanctions

25  against Frazier in light of the settlement agreement between IASIS and Frazier.  (Order (#286)

26  at 26).  In the order, the Court granted sanctions against Qui Tam Counsel in the form of

27  attorneys' fees and costs expended by IASIS in an attempt to get its privileged documents

28  back from Qui Tam Counsel, including the preparation of motions seeking such relief.  (*Id.* at

    23).  The Court cautioned IASIS to submit a proposed listing of fees and costs for an

1    appropriate time period. (*Id.* at 23, 26).  At the hearing for the Renewed Motion for Sanctions

2    against Qui Tam Counsel, this Court specifically stated, "I mean, if you're asking for millions

3    of dollars or even a half million dollars in sanctions, I'm just going to deny it.  You got the

4    primary relief you were requesting from the appellate court."  (Transcript (#278) at 31).

5         The Court found that, as of May 2005, Qui Tam Counsel knew they were in possession

6    of potentially privileged IASIS documents.  (Order (#286) at 7).  At that time, Qui Tam Counsel

7    took efforts to segregate the potentially privileged documents in their possession and keep

8    them in a Sealed Box.  (*Id.* at 8).

9         Around April or May 2007, IASIS learned that Qui Tam Counsel had potentially

10   privileged documents in their possession.  (*Id.* at 9).  On May 15, 2007, the Department of

11   Justice ("DOJ") had returned the three Physician Contract Reviews ("PCRs"), which were

12   protected by the attorney-client privilege, to IASIS.  (*Id.* at 9, 16).  On September 4, 2007, Qui

13   Tam Counsel had received a letter from IASIS's attorney, Michael McGovern, stating that

14   IASIS had reason to believe that Frazier had misappropriated certain IASIS documents

15   including those protected by the attorney-client privilege.  (*Id.* at 8).  On September 13, 2007,

16   Qui Tam Counsel had responded to IASIS's letter by playing "dumb" as to what privileged

17   documents IASIS was talking about.  (*Id.* at 8, 22).  On September 24, 2007, IASIS responded

18   that it was surprised that Qui Tam Counsel would suggest that they were not aware that they

19   had any of IASIS's privileged or confidential documents in their possession.  (*Id.* at 8-9).  IASIS

20   stated that it would seek all appropriate avenues of relief, remedies and sanctions, including

21   but not limited to judicial intervention to preserve its privilege.  (*Id.* at 9).

22        On October 5, 2007, Qui Tam Counsel shipped the contents of the Sealed Box to

23   IASIS.  (*Id.*).  On October 18, 2007, IASIS responded that they were concerned that they did

24   not have a complete return of all privileged documents, specifically the three PCRs.  (*Id.*).  On

25   November 2, 2007, Qui Tam Counsel sent the three PCRs to IASIS and directed that any

26   other copies in their possession be destroyed.  (*Id.* at 9-10).

27        On April 21, 2008, Judge Teilborg granted IASIS's Motion to Dismiss the Second

28   Amended Complaint with prejudice.  (Order (#113) at 11).  The Ninth Circuit agreed with Judge

2

1   Teilborg that the complaint should have been dismissed but held that Frazier should have

2   been permitted to amend his complaint. (Ninth Cir. Op. (#131-1) at 5). On October 5, 2010,

3   Judge Teilborg, pursuant to the Ninth Circuit remand, issued an order that Frazier could file

4   a Third Amended Complaint. (Order (#132) at 1).

5        On October 13, 2010, IASIS filed a Motion for Return of Documents Preliminary to

6   Further Briefing. (Mot. for Return of Documents (#134)). In that motion, IASIS stated that

7   Frazier had taken numerous documents from IASIS in connection with his termination of

8   employment. (Mot. for Return of Docs. (#134) at 2). IASIS classified the documents, which

9   were the basis for its previously filed motion for sanctions, in three categories. (*Id.*). The first

10  category consisted of over 1,300 pages that Frazier and his attorneys, based on their unilateral

11  review, admitted were at least arguably privileged and finally returned to IASIS in the summer

12  of 2007. (*Id.*). The second category consisted of three PCRs that Qui Tam Counsel had

13  returned to IASIS in the fall of 2007 after IASIS's specific demand for those documents. (*Id.*).

14  The third category consisted of an unknown number of additional documents that Frazier had

15  taken, that Qui Tam Counsel had reviewed and unilaterally determined not to be legitimately

16  privileged and had refused to return to IASIS. (*Id.*). On June 1, 2011, this Court granted

17  IASIS's Motion for Return of Documents and ordered Frazier to return all withheld documents

18  within 20 days of the order. (Order (#223) at 4). On June 21, 2011, Frazier's sanctions'

19  attorney delivered four boxes of documents to IASIS, some of which contained arguably

20  privileged documents. (*See* Status Report (#232) at 2, 5-7).

21                                   **DISCUSSION**

22        In its proposed listing of costs and fees, IASIS seeks fees and costs from April 16,

23  2007, when the DOJ informed IASIS that it was in possession of three PCRs, through July 8,

24  2011, when IASIS filed a status report to this Court about all of its returned documents.

25  (Proposed Listing (#281) at 2, 6). IASIS asserts that it has logged at least 2,404 hours

26  devoted solely to the return of IASIS's stolen documents and related court filings. (*Id.* at 7).

27  IASIS contends that under its most conservative accountings, it has spent at least $1,376,966

28  as a direct result of Qui Tam Counsel's misconduct. (*Id.*). IASIS asserts that, if it uses

                                        3

1    Arizona's lower standard billing rates, Qui Tam Counsel's misconduct directly resulted in at

2    least $1,020,873 in fees and costs.  (*Id.* at 8).

3         In response, Qui Tam Counsel argue that the fees necessary to get the privileged

4    documents back would be from September to October 2007 when IASIS wrote three letters

5    to Qui Tam Counsel seeking return of its potentially privileged documents.  (Obj. to Proposed

6    Listing (#285) at 2-3).  Qui Tam Counsel assert that the cost of drafting those three letters

7    could not possibly exceed $11,000.  (*Id.* at 8).

8         In this case, the Court finds that IASIS is entitled to the fees and costs of seeking the

9    return of its potentially privileged documents between April/May 2007, when it first learned that

10   Qui Tam Counsel had those documents in its possession, through November 2, 2007, when

11   Qui Tam Counsel sent the three PCRs to IASIS.  IASIS is also entitled to fees and costs for

12   drafting the Motion for Return of Documents Preliminary to Further Briefing filed on October

13   13, 2010, and any replies.  The Court notes that IASIS is only entitled to costs and fees

14   associated with seeking the return of potentially privileged documents from Qui Tam Counsel

15   and not from Frazier or the DOJ.

16        The Court finds that Qui Tam Counsel's review of IASIS's time sheets are consistent

17   with this Court's view of the appropriate time period for IASIS's attempt to retrieve its privileged

18   documents back from Qui Tam Counsel in 2007.   In addition to the $11,320[1] of fees and

19   costs, that Qui Tam Counsel calculated from the 2007 time period described above, the Court

20   also awards an additional $11,830[2] for the time spent in drafting the Motion for Return of

21   Documents Preliminary to Further Briefing and its subsequent reply in 2010.  Accordingly, the

22   Court awards IASIS a total of $23,150 in fees and costs expended in its attempt to get its

23

24        [1] Qui Tam Counsel's total calculations for fees and costs during the 2007 time period.

25   (*See* Summ. of Allowable Costs & Fees (#285-1) at 2).

26        [2] The Court finds the follow calculations for work completed on the Motion for Return
     of Documents Preliminary to Further Briefing: (a) Joan McPhee = 5.1 hours at $550/hour; (b)

27   Michael G. McGovern = 11.7 hours at $550/hour; (c) Benjamin Halasz = 7.9 hours at
     $300/hour; (d) Larry Hammond = .50 at $500/hour; and (e) Mark Harrison = .50 at $450/hour.

28   (*See* Ropes & Gray Billing Sheets (#281-1) at 30-31; Osborn Maledon Billing Sheets (#281-1)
     at 86).

4

privileged documents back from Qui Tam Counsel.

**CONCLUSION**

For the foregoing reasons, IT IS ORDERED that the Court GRANTS in part and DENIES in part IASIS's Proposed Listing of Costs and Fees (#281). Specifically, the Court GRANTS sanctions against Qui Tam Counsel in the amount of $23,150 and DENIES IASIS's request for further monetary sanctions.


DATED: This 6th day of July, 2012.

_____
United States District Judge

5